# Keyes et al., Appellants, *v.* New York, Ontario & Western Ry. Co.

*Workmen's compensation — Death by gunshot — Course of employment — Presumption — Evidence — Burden of proof — Act of June 2, 1915, P. L. 736.*

1. Where an engine hostler is last seen alive working on his engine, and ten minutes thereafter is found lying by the engine dead, as the result of a bullet wound through his jaw, and there is nothing to indicate suicide, or by whom, or from what motive the shot was fired, the burden of proof is upon the employer seeking to escape liability, to show that the injury "was caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment."

2. Where, in a proceeding under the Workmen's Compensation Act, there is no hearing de novo by the board of compensation, the case rests upon the facts found by the referee.

Argued April 22, 1919. Appeal, No. 102, Jan. T., 1919, by plaintiffs, from order of C. P. No. 2, Lackawanna Co., Nov. T., 1917, No. 2979, sustaining appeal from Workmen's Compensation Board. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Reversed.

Appeal from Workmen's Compensation Board.

The court sustained the appeal, and set aside the award. Complainants appealed.

*Error assigned* was the order of the court.

*Harold A. Scragg,* for appellant.—The findings of fact by the Workmen's Compensation Board upon appeal from a referee are final and cannot be disturbed by the courts: Poluskiewicz v. Phila. & R. C. & I. Co., 257 Pa. 305.

The legislature will be presumed to have intended what is reasonable and effectual, and not what is pro-

ductive of absurd or anomalous consequences, or is impossible and incapable of execution: Hartman's App., 107 Pa. 327; Cooper v. Oriental S. & L. Assn., 100 Pa. 402.

The general rule in construing compensation statutes is that inasmuch as this legislation is an expression by the legislature as to what it considered a wise public policy concerning injured workmen, it is to be regarded as remedial and to be interpreted with fair liberality and breadth to the end of conferring upon employees the benefits intended: Kennerson v. Thames Towboat Co., 94 Atl. 372 (Conn.); Coakley's Case, 216 Mass. 71; Oneida Steel Co. v. Commission, 215 N. Y. 335; Dames' App., 62 Pa. 417; Hartman's App., 107 Pa. 327.

*Charles B. Little,* with him *James E. Burr,* for appellee—The burden of proof was upon the claimants: Hellman v. Manning Sand Paper Co., 221 N. Y. 492; Chicago Dry Kiln Co. v. Industrial Board of Illinois, 276 Ill. 556; Mechanics Furniture Co. v. Industrial Board of Illinois, 281 Ill. 530; Schmoll v. Weisbrod & Hess Brewing Co., 89 N. J. L. 150; Walter v. American Paper Co., 89 N. J. L. 732; Ohio B. Safety Vault Co. v. Industrial Board of Illinois, 277 Ill. 96; McLaughlin v. Lehigh V. R. R. Co., 27 Pa. Dist. 496; Sugar Valley Coal Co. v. Drake, 117 N. E. 937; Retmier v. Cruse (App. Ct. of Ind.) 119 N. E. 32; Inland Steel Co. v. Lambert, 118 N. E. 162.

OPINION BY MR. JUSTICE WALLING, May 21, 1919:

This is a workmen's compensation case. Minor T. Keyes, the deceased, was in the defendant's employ as an engine hostler. He was last seen alive at 2:30 a. m. of November 23, 1916, working on an engine at Mayfield in Lackawanna County, and ten minutes later was found lying on the ground by the engine dead as the result of a bullet wound through his jaw. There was nothing to indicate suicide and the referee found, inter alia, that,

"Whether or not the injury which resulted in the decedent's death, was caused by an act of a third person, cannot be found, or was not proven by either party"; also found as a conclusion of law, "That the decedent's death is the result of such an 'injury by accident in the course of his employment,' as is contemplated in the Workmen's Compensation Act of 1915." On this the referee made an award in favor of Mrs. Keyes and her minor child, which was affirmed by the compensation board but reversed by the court below; hence this appeal by claimants.

In Section 301 of Article III of the Act of June 2, 1915, P. L. 736, it is provided, "The term 'injury by an accident in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment; but shall include all other injuries sustained while the employee is actually engaged in the furtherance of the business or affairs of the employer." Earlier in the same section there is a provision, "that no compensation shall be made when the injury or death be intentionally self-inflicted, but the burden of proof of such fact shall be upon the employer." In answer to the claim-petition, defendant set up, inter alia, "That the injury resulting in the death of said employee was caused by an act of a third person intended to injure the employee because of reasons personal to him, and not directed against him as an employee or because of his employment." The case turns on the burden of proof as to that fact; the lower court held it was upon the claimants, while the compensation board held it was upon the defendant. We agree with the latter. The general rule is one of liability for violent injury suffered by an employee in the course of his employment, as this undoubtedly was; the exception is that the employer is not liable for "an injury caused by an act of a third person intended to injure the employee be-

cause of reasons personal to him." The burden of proving the exception rests upon the party interposing it as a defense, for as to that issue he holds the affirmative. See Zerbe v. Miller, 16 Pa. 488; 16 Cyc. 928. The burden of proof of a particular allegation rests upon the side to whose case it is necessary, and that is the defendant here. See 5 Am. & Eng. Enc. of L. (2d ed.), p. 24.

A claimant's case is prima facie made out by proof of affirmative facts showing the employer's liability, and that rule is not changed by the fact that earlier in the section the burden of proving suicide is expressly placed upon the employer. When, as here, there is nothing to throw light upon the occurrence, it would impose an unreasonable burden upon claimants and defeat the beneficent purpose of the act to require them to establish the negative proposition that the injury was not inflicted by a third person because of some reason personal to the employee. The court below concludes, in effect, that the affirmative of the proposition should be presumed, as it was not suicide; but that view cannot be accepted. There is always a presumption of innocence and we cannot assume that the wound was feloniously inflicted. It may have been accidental. No one heard the sound of a shot or knows whence it came. It was in the dark and may have been a random shot discharged by some officer or other person for an innocent purpose and with no thought of harm. Probably not one shot in twenty fired upon the street is with felonious intent; so the fact that a man sustains a fatal bullet wound, while exposed at night, does not of itself prove an intentional homicide. To sustain defendant's contention we must presume a felonious homicide and add to that the further presumption that it was committed because of some reason personal to the victim. Assuming a wilful killing, it may have been because of the employment or from some other motive, entirely aside from Mr. Keyes, and by a stranger, or by one possessed of a homicidal mania, in which cases the employer would be liable. Our act is broad and em-

braces cases of injury sustained in course of the employ-ment, although not arising therefrom, and therein differs from enactments in many jurisdictions. See opinion of this court by Mr. Justice MOSCHZISKER in Clark v. Le-high Valley Coal Company, 264 Pa. 529.

As there was no hearing de novo by the board, the case rests upon the facts found by the referee (McCauley v. Imperial Woolen Co. et al., 261 Pa. 312), and it has been so considered at every stage.

The judgment of the court below is reversed and the award of the referee, as affirmed by the compensation board, is reinstated.