# O'Rourke *v.* O'Rourke et al., Appellants.

*Workmen's compensation—Course of employment—Injury by intoxicated men—Findings—Appeals—Act of June 26, 1919, P. L. 642.*

1. On an appeal in a workmen's compensation case, the appellate court is limited to a determination of the question whether there is evidence sufficient to support the findings, and whether the law has been properly applied under the facts so found. The Act of June 26, 1919, P. L. 642, merely brings up the entire record on appeal.

2. Where a workman, while in the course of his employment, is attacked and killed by intoxicated men, his wife will be entitled to compensation, if it appears that the attack was without provocation, premeditation, or personal animosity to the deceased, and was merely the result of an evil mind excited by an excessive use of liquor.

Argued May 1, 1923.   Appeal, No. 288, Jan. T., 1923, by defendants, from judgment of C. P. No. 2, Phila. Co., June T., 1922, No. 9405, affirming decision of Workmen's Compensation Board awarding compensation in case of Katherine E. O'Rourke v. John O'Rourke and Employers Liability Assurance Corporation.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.   Affirmed.

Appeal from decision of Workmen's Compensation Board which affirmed award of referee.   Before GORDON, J.

The opinion of the Supreme Court states the facts.

Decision affirmed.   Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*George C. Klauder,* for appellants, cited: Graeber v. North American Co., 29 Pa. Dist. R. 979; Keyes v. Ry., 265 Pa. 105; Callihan v. Montgomery, 272 Pa. 56.

*Isaac M. Price,* for appellee.

OPINION BY MR. JUSTICE FRAZER, June 23, 1923:

Decedent, an employee of his father, one of defendants, was engaged as assistant foreman of men wrecking a building located at Allegheny and Westmoreland streets, in the City of Philadelphia.   At the end of the day on which deceased was injured, he left the place at which he had been working, accompanied by Reilly, the foreman, for the purpose of collecting an indebtedness due his father by a contractor whose place of business was several blocks distant.   While proceeding on that mission deceased and Reilly were attacked by two intoxicated men and, in the struggle which followed, deceased was either knocked down or fell, his head striking the sidewalk, causing a fracture of the skull, from which he died shortly thereafter.   The referee found

that at the time deceased received the injury he was acting in the course of his employment and on the business of his employer and, as "defendant did not introduce any reliable testimony to prove that decedent's death was the result of an attack made on him for reasons personàl to him," his wife was entitled to receive compensation. This conclusion was affirmed by the compensation board and, from affirmance of the award by the common pleas, defendant appealed. Under Act of June 26, 1919, P. L. 642, section 427, the appeal brings before us the entire record; our revisory powers, however, are limited to a determination of the question whether there is evidence to support the findings and whether the law has been properly applied under the facts so found: Callihan v. Montgomery, 272 Pa. 56, 61.

It is not denied deceased was acting in the course of his employment at the time he sustained the injury above referred to and the sole question is whether the person intended to inflict the injury because of reasons personal to him and not directed against him as an employee, or in connection with his employment, as provided in section 301 of the Workmen's Compensation Act of 1915. The testimony adduced by the parties clearly indicates that the two witnesses called on behalf of defendant who committed the assault were strangers to deceased and his companion and were without knowledge of the nature of their employment. The natural inference, accordingly, is that the attack was not to avenge a wrongful act, either real or imaginary, or for a grievance personal to him.

The evidence of Reilly, on behalf of claimant, places the blame for the attack on defendants' witnesses, while the latter charge deceased and Reilly with having started the trouble. The referee found defendants' witnesses were intoxicated at the time to such extent as to render their testimony of little or no value and not to be relied upon. Reilly testified one of defendants' witnesses approached him and requested that he be given a drink of

liquor and, upon being refused, suddenly attacked him, whereupon the four became engaged in the fight which resulted in the injury to plaintiff's husband that caused his death. The evidence indicates deceased was not the aggressor but merely acted in self-defense in repelling an attack upon him by drunken men, who had no personal animosity toward him and whose only object and intent was to satisfy their appetite for liquor. The burden was on defendants to show an intention to injure deceased, owing to reasons personal to him and not because of his employment: Keyes v. Ry., 265 Pa. 105. The attack was wholly unpremeditated, due, no doubt, to the intoxicated condition of two of the parties involved. The result of the trouble was an unexpected happening in the course of employment and compensable under section 301 above referred to, which, after stating the exceptions, provides the term injury by accident in the course of employment "shall include all other injuries sustained while the employee is actually engaged in the furtherance of the interest of the employer whether upon the employer's premises or elsewhere." An illustration of the application of this rule is found in Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454, where compensation was allowed for injuries received by falling while the employee was engaged, during the lunch hour, in playful sport with fellow employees from whom he was attempting to escape. On the other hand, in Cawley v. Express Co., 276 Pa. 160, compensation was refused for injuries resulting from an assault committed by one employee upon another during a quarrel over personal matters not relating to their employment, claimant having sustained his injuries by stumbling from a platform on the employer's premises, while endeavoring to avoid his assailant. The basis of the decision is found in the following extract from the opinion (page 163) : "The conflict was solely an individual matter arising from the animosity of the two involved, and in this differs from the case of Hale v. Savage Fire Brick Co., supra, relied

on below, which really turned on whether the claimant at the time was in the course of his employment. Clearly, the boy there hurt was not engaged in an encounter arising from personal enmity." Had there been in the present case previous differences between deceased and the persons who assaulted him, and the attack made for that reason, the rule in Cawley v. Express Company would apply. No personal animosity existed, however, and the attack, so far as the evidence shows, was without provocation or premeditation and merely the result of an evil mind excited by an excessive use of liquor. In our opinion, an attack from such source was an unexpected happening in the course of decedent's employment and properly the subject of compensation.

The judgment is affirmed.