Kline *v.* Pennsylvania Railroad Co., Appellant.

540

Argued March 10, 1931.

Before
Trexler, P. J., Keller, Linn, Gawthrop, Cunning-
ham, Baldrige and Drew, JJ.

*Arthur H. Hull,* for appellant.

*Henry George Gress,* and with him *John S. Miller,*
for appellee.

Opinion by Linn, J., April 15, 1931:

The only evidence is the testimony of the claimant
himself. He was assaulted by a fellow-workman. The
referee awarded compensation, and the award was af-
firmed by the board, and the common pleas. The ap-
pellant contends that the injury is non-compensable
under an exception in the statute; to that contention,
claimant replies, that he made out a prima facie case
and need not negative the exception, and that, as the
record shows no case within the exception, he should
hold his award. Limiting our inquiry, as we must, to
whether there is evidence to support the findings of the
compensation authorities and whether the law has been
properly applied (Callihan v. Montgomery, 272 Pa. 56,
61), we are required to affirm the judgment.

The referee made the following findings: "On May
7, 1929, the claimant, while digging a ditch for the lay-

ing of a water pipe on the premises of the defendant, was struck over the head by a colored co-employee, causing a fracture of claimant's skull...... The injury occurred on the premises of the employer and during working hours where his presence was required, by the nature of his employment. It was a personal assault by a co-employee upon the claimant, who did not know the assailant personally, had never spoken to him, had no relations with him other than that of a co-employee whom he had seen but never met. The occurrence took place on a pay-day, the claimant having received his pay-check, the co-employee requested the claimant to give him his check, as he wanted to give it to his preacher; this the claimant refused to do and immediately thereupon he was struck over the head by the co-employee as above indicated. There had been no previous differences between the claimant and the person who assaulted him, no personal animosity existed, it was without provocation or premeditation and the injury was not caused by the assailant intending to injure the claimant because of reasons personal to him but was directed against him as an employee or because of his employment, while the claimant was in the course of his employment with the defendant, and such employment was intrastate commerce.''

The statute provides for compensation for injuries of specified classes sustained in the course of employment with certain exceptions. Is the present case within the exception? Section 301 (1915, P. L. 738) provides: ''The term 'injury [a word, previously defined] by an accident in the course of his employment,' as used in this article, shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment; but shall include all other injuries sustained while the employe is actually engaged in the

furtherance of the business or affairs of the employer, whether upon the employer's premises or elsewhere ......'' That provision has been construed in a number of decisions.

In Keyes v. N. Y. etc., Rwy. Co., 265 Pa. 105, it appeared that an employee, in the course of his employment, was killed by a stray bullet; the common pleas decided that claimant must negative the exception and set aside an award; the Supreme Court reversed, and held that the burden of proving the exception was on the party relying on it in defense, and, as there was no evidence to bring the case within the exception, reinstated the award. It will be observed that while it was undisputed that the employee was in the course of his employment, there was no explanation of the source of the cause of death.

The same provision was considered in Cawley v. American Rwy. Express Co., 276 Pa. 160. After his work as laborer was completed, Cawley, while leaving the premises, got into a fight with two other employees about matters having no relation to their employment and was injured. He received an award, but it was reversed on the ground that the evidence showed that the injury resulted from personal assault within the exception stated in section 301.

In the same term, O'Rourke v. O'Rourke, 278 Pa. 52 was decided, a case in which there was no evidence to bring the claimant within the exception. Decedent and another employee, in the course of their employment, while out collecting a debt due their employer, got into a fight with two men who asked them for a drink. The court said "......deceased was not the aggressor but merely acted in self-defense in repelling an attack upon him by drunken men, who had no personal animosity toward him and whose only object and intent was to satisfy their appetite for liquor. The burden was on defendants to show an intention to injure deceased, owing to reasons personal to him and not because of

his employment: Keyes v. Rwy., 265 Pa. 105. The attack was wholly unpremeditated, due, no doubt, to the intoxicated condition of two of the parties involved. The result of the trouble was an unexpected happening in the course of employment and compensable under section 301 above referred to......''

Meucci v. Gallatin Coal Co., 279 Pa. 184 soon followed. On the employer's premises a dispute arose between claimant, a miner, and his boss as to the number of cars of coal claimant had mined, and, in the course of the controversy, a fight resulted and claimant was injured. The referee found that the injury resulted from a blow by the foreman "directed against him [claimant] because of his employment and not for personal reasons......'' The court affirmed. It will be noted that the dispute arose within the service, and not outside of it, as in Cawley's case in which the exception was made out.

In Curran v. Vang Const. Co., 286 Pa. 245, it appeared that a workman was killed by a shot fired by a fellow-workman, who, on his trial for homicide, was acquitted on the ground of self-defense. The court held that the decedent came to his death by no act directed against him as employee or because of his employment, but by conduct directed against him personally by an assailant who evidently intended to kill or to do great bodily harm,—an act expressly excepted from compensation.

In McDevitt v. Checker Cab Co., 288 Pa. 394, it appeared that McDevitt was shot and killed by Newman, a fellow workman, who, when tried for the act, was acquitted on the ground of self-defense. The compensation authorities made an award on a finding that the "fight started on account of and in connection with their employment." The court below reversed the award, and was affirmed on appeal: it was said "......the record is barren of any evidence of disagreement about their work or of feeling because of their em-

ployment. It was emphatically a personal matter. Newman fired the fatal shot because of reasons personal to McDevitt, who was beating him. The Checker Cab Company was not interested in the quarrel or responsible for its result. That both men were in its employ is not controlling nor is the fact that McDevitt told Newman he was as yellow as the Yellow Cabs." It was also said: "It is not sufficient that they were thrown in contact because of their employment, or because the question of taxi-cabs was discussed by the party on that occasion. The offensive language and the assault were directed against Newman personally and so was his return violence against McDevitt."

In Cronin v. American Oil Co., 298 Pa. 336, while it was held that the injury did not occur in the course of claimant's employment, part of section 301 now under discussion was referred to, and it was said (p. 342) that the evidence did not disclose that the robbery had any relation to the employment. In Dalton v. Gray Line Motor Tours, 95 Pa. Superior Ct. 289, we held that the injury inflicted on one employee by another resulted in the course of employment but not within the contingencies excepted and relied on in defense; in Vordy v. Horne Co., 96 Pa. Superior Ct. 550 the dispute between two employees also arose out of the employment, and the award was sustained. It is unnecessary to refer to the cases involving "horseplay" or sportive accidents, such as are considered in Hale v. Savage Fire Brick Co., 75 Pa. Superior Ct. 454 and the cases there referred to, because the intention to injure for personal reasons is obviously lacking.

Kline, the appellee at bar, testified that he was employed "digging a little ditch," and that his assailant was "tamping ties," "about ten steps away;" they were not doing the same kind of work and were not interfering with each other; the assault occurred at about five minutes to three in the afternoon after the

boss had told the workmen ''to get your things started and go on down.'' Then, a fellow-employee came to Kline, and asked him for a contribution for his preacher. Kline declined to make it. The parties had had no quarrel, they did not know each other, save as they had been employed by the same employer for about two weeks; there is no evidence that there was anything offensive about the manner of Kline's refusal. It is, therefore, obvious, in the light of the decisions referred to above, that the referee was justified in not finding that claimant was attacked on personal grounds as appeared, for example, in Cawley's case, supra; there was no more cause, in the personal relationship of the two men, for an assault than in O'Rourke's case, supra. There is no ground whatever for holding that the injury was not sustained in the course of the employment, as in Cronin's and the other cases of that sort. The evidence supports the referee's finding; whether or not there was such personal animosity, as is excepted in the statute, is a question of fact; we may therefore not say that he must have found otherwise; as the evidence does not bring the injury within the exception, it is compensable under the general provision of section 301.

Judgment affirmed.