576 A.2d 1107

**Thomas T. KOHLER, Appellant,**

v.

**McCRORY STORES, Appellee.**

Superior Court of Pennsylvania.

Argued May 23, 1990.

Filed July 3, 1990.

Allen H. Smith, York, for appellant.

Steven M. Carr, York, for appellee.

Before OLSZEWSKI, MONTEMURO and FORD ELLIOTT, JJ.

MONTEMURO, Judge:

This case comes before us from an Order of the Court of Common Pleas of York County dismissing appellant's complaint in trespass. We reverse.

Appellant was employed by appellee as a freight handler in June of 1987 when the motorized jack he was operating was rammed from the rear by one David Raymond Christner, another employee of appellee's who was also operating a jack, and whose dislike of appellant was allegedly the motivation for the attack. Appellant was injured in the incident, and, unable to work, he began receiving Worker's Compensation from appellee. When, approximately one year later, appellee successfully petitioned for termination of the payments, appellant filed the instant suit, alleging, *inter alia,* appellee's negligence in failing to provide him with a place to work, safe from Christner's attacks.

Appellee's preliminary objections averred that the court of common pleas was without jurisdiction to hear the case as the action was barred by appellant's previous acceptance of compensation payments, and by his failure to appeal the termination order. The trial court agreed, and this appeal followed.

Under the Worker's Compensation Act, recompense is awarded to those who receive injuries "in the course of [their] employment and related thereto." 77 Pa.S.A. § 411(1). The Act made this remedy an exclusive one, "in place of all other liability to such employees." 77 Pa.S.A. § 481(a). There is, however, an intentional tort exception to this rule: where the injury is "caused by an act of a third person intended to injure the employe because of reasons personal to him, "77 Pa.S.A. § 411(1) the harm is not compensable as being "in the course of ... employment."

The trial court, dismissed appellant's complaint on the basis of the ruling made by the referee of the Compensation Board before which appellee had brought its petition to terminate. Specifically, the referee found that appellant had sustained a work related injury, and had received compensation therefor. The trial court reasoned that because the harm had been ruled compensable, it could not, "by definition have arisen from ill-will. Conversely, if it arises from ill will it cannot be compensable." (T.C.O. at 10). Appellant now argues that because there was no adjudication on the issue of whether the attack on him was or was not covered by the tort exception provision, his action against appellee is properly brought.

In support of his position, appellant refers us to *Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 421 A.2d 251 (1980). There the appellant, a police officer, was severely beaten by a local deputy constable who harbored a grudge against the appellant. Mr. Mike received worker's compensation payments, and sued his employer, claiming, as does appellant herein, that the Borough had failed to provide him with a safe workplace.

We find appellant's citation to *Mike* directly relevant to his own situation, since both the fact pattern, insofar as we know it, and the arguments in opposition are similar in many respects. In *Mike*, the employer claimed that receipt of worker's compensation payments barred suit in tort, as such payments provided his only avenue of relief. However, in addressing that argument, we found that accept-

ance of payments under the Act was not determinative, as any funds received could "be duly credited against any recovery from the ... negligence action." *Id.*, 279 Pa.Superior Ct. at 393, 421 A.2d at 256. However, the trial court herein read our decision as a misinterpretation of *Dolan v. Linton's Lunch*, 397 Pa. 114, 152 A.2d 887 (1959). In that case the appellant, as here, pleaded that he was not covered by the Act,[1] having been removed from its ambit by the personal animosity of his fellow worker/assailant. Our supreme court ruled what no one now disputes, that Worker's Compensation payments and tort damages are mutually exclusive remedies. In fact, the solution offered by the *Mike* court is clearly responsive to this notion of exclusivity, since the expectation is that funds received under the Act, which neither Mr. Mike nor the appellant herein requested, would be repaid out of damages obtained in that litigation.

Whether appellant's injury is subsumed under the rubric "work-related," whether it is the result of ill will borne him by Mr. Christner, or whether, indeed, it is even an injury at all was never demonstrated by evidence, judgment in this matter having been entered on pleadings alone. We therefore reverse and remand for proceedings consistent with our holding in *Mike v. Borough of Aliquippa, supra.*

Reversed and remanded. Jurisdiction is relinquished.

---

1. Because of appellant's claim that he is not covered by the Act, his failure to appeal the decision of the referee terminating payment is not fatal to his right to bring suit.