615 A.2d 27

Thomas T. KOHLER, Appellee

v.

McCRORY STORES, Appellant.

Supreme Court of Pennsylvania.

Submitted May 4, 1992.

Decided Sept. 18, 1992.

132

Steven M. Carr, York, for appellant.

Allen H. Smith, York, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

CAPPY, Justice.

The question before this Court is whether an employee can set forth a valid cause of action against his employer under the personal animus exception to the Pennsylvania Workmen's Compensation Act ("Act"),[1] for non-work-related injuries inflicted by a co-worker solely for personal reasons, where the injured employee has previously accepted benefits pursuant to the Act. We hold that only a final adjudication of work-relatedness can estop an employee from asserting that his injuries are not work-related for purposes of maintaining an action against his employer under the personal animus exception to the Act.

On June 22, 1987, appellee Thomas T. Kohler was operating a motorized double pallet jack in the course of his employment with appellant McCrory Stores. Kohler injured his back when the jack was struck from behind by a similar jack operated by a co-worker. Kohler received benefits pursuant to a Notice of Compensation Payable dated August 19, 1987 and a Supplemental Agreement dated October 30, 1987.[2] Kohler's benefits were terminated effective October 25, 1988

---

1. 77 P.S. § 1 et seq.

2. The record in this case does not reveal the extent to which Kohler was involved in the initiation of his benefits pursuant to the Act. However, while it might appear that Kohler may have been instrumental in initiating the compensation process by presenting a "claim" of work-related injury to McCrory Stores, in actuality it is the employer who has a duty to promptly investigate, record, and report work-related injuries to its insurer and the Department of Labor and Industry. See 77 P.S. §§ 717.1, 994, 995. Moreover, the employer and insurer should commence or deny the payment of compensation within 21 days after the employer has notice or knowledge of the employee's disability. 77 P.S. § 717.1. The only responsibility of the employee is that he give notice of his injury to his employer *unless* the employer already has knowledge of the occurrence. Thus, while the employer may require the employee to furnish information in furtherance of its obligations to *its* insurer and the Department of Labor and Industry, this does not amount to a "claim" for benefits by the employee, as any further steps by the employee serve the employer's obligation to investigate, record, report, and present a claim to *its* insurer. Only after an amicable payment of benefits has not been achieved does the employee formally file a "claim" through a Claim Petition and initiate the administrative apparatus of the Department of Labor and Industry. 77 P.S. § 751.

by order of a referee dated April 13, 1989. Kohler did not appeal this decision.[3]

On May 31, 1989, Kohler filed a complaint in trespass in the Court of Common Pleas of York County, alleging that his injuries were the proximate result of the negligence of McCrory Stores in failing to provide a safe workplace when it knew of personal animosity between Kohler and the other worker. McCrory Stores filed preliminary objections in the nature of a demurrer and also asserted lack of subject matter jurisdiction. On August 21, 1989, the trial court sustained the demurrer and dismissed Kohler's complaint. On appeal, the Superior Court reversed. 395 Pa.Super. 188, 576 A.2d 1107. We granted McCrory Stores' Petition for Allowance of Appeal, and now reverse the decision of the Superior Court.

In reviewing a challenge to the sustaining of a preliminary objection in the nature of a demurrer, our scope of review is as follows:

> All material facts set forth in the Complaint as well as all inferences reasonably deducible therefrom are admitted as true for [the purpose of this review.] *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970). The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970). Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it. *Birl v. Philadelphia Electric Co.,* 402 Pa. 297, 167 A.2d 472 (1960).

*Mahoney v. Furches,* 503 Pa. 60, 66, 468 A.2d 458, 461 (1983).

Pursuant to the provisions of the Act, benefits are available to an employee suffering injury, "regardless of his

---

**3.** The referee adjudicating this Petition for Termination, Suspension or Modification of Compensation, filed by McCrory Stores, specifically found that Kohler had been overpaid compensation for a *work-related* injury from December 4, 1987, through October 25, 1988, when benefits had ceased pursuant to a supersedeas decision issued by another referee. Accordingly, the referee ordered Kohler's compensation terminated effective October 25, 1988, and further ordered that McCrory Stores is entitled to a credit for any future compensation owed to Kohler as a result of the overpayment of compensation.

previous physical condition, *arising in the course of his employment* and related thereto ..." 77 P.S. § 411(1) (emphasis added). There is a rebuttable presumption that an injury is work-related where it occurs on the employer's premises. *Wills Eye Hospital v. Workmen's Compensation Appeal Board (Dewaele)*, 135 Pa.Commw. 6, 582 A.2d 39 (1988), *aff'd per curiam*, 525 Pa. 504, 582 A.2d 857 (1990).

In *Socha v. Metz*, 385 Pa. 632, 637, 123 A.2d 837, 839 (1956), this Court stated that:

> By virtue of the Compensation Act, an employee's common law right to damages for injuries suffered in the course of his employment as a result of his employer's negligence is completely surrendered in exchange for the exclusive statutory right of the employee to compensation for all such injuries, regardless of negligence, and the employer's liability as a tortfeasor under the law of negligence for injuries to his employee is abrogated.

*Id.* at 637, 123 A.2d at 839. This principle of exclusivity is expressly set forth in Section 303 of the Act, which provides: "The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes ... otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in [Section 411]." 77 P.S. § 481.

However, the Act provides an important exception to this principle of exclusivity. Specifically, the Act provides that the term, *injury arising in the course of his employment*, "shall not include an injury caused by an act of a third person intended to injure the employe because of reasons personal to him, and not directed against him as an employe or because of his employment...." 77 P.S. § 411(1). We refer to this loosely as the "personal animus exception."

McCrory Stores, relying on *Barber v. Pittsburgh Corning Corp.*, 521 Pa. 29, 555 A.2d 766 (1989), argues that the Superior Court erred in permitting Kohler to maintain a negligence action against his employer because it violates the spirit and intent of the Act. While we recognize the principles of exclusivity upon which McCrory Stores bases this attack,

this Court has previously determined that the scope of such exclusivity does not preclude damage recoveries by an employee, based upon employer negligence in maintaining a safe workplace, if such negligence is associated with injuries inflicted by a co-worker for purely personal reasons.

In *Dolan v. Linton's Lunch*, 397 Pa. 114, 152 A.2d 887 (1959), when presented with the viability of an action against an employer brought under the personal animus exception to the Act, this Court determined that benefits pursuant to the Act and tort damages under this exception are mutually exclusive remedies. Thus, this Court held that an employee sustaining injuries falling within the personal animus exception is precluded from receiving benefits under the Act and may only recover through a traditional tort action. Thereafter, this Court validated Dolan's negligence action against his *employer* based upon his right to assert a common law action in trespass against his employer for failure to "provide a safe workplace." Specifically, this Court stated:

The legislature intended that the Workmen's Compensation Act would supersede common-law actions only as to cases within its coverage. We so held in *Billo v. Allegheny Steel Company*, 328 Pa. 97, 195 Atl. 110. The present plaintiff is not affected by either the coverage or surrender provisions of the act. The act excludes from its coverage attacks upon an employee whether or not they occur while he is pursuing his employer's business and whether or not they are caused by the condition of the employer's premises or by the operation of his business or affairs thereon so long as the reasons for the attack are purely personal to the assailant. In such a case, the plaintiff is permitted to pursue his common-law remedy.

*Id.* 397 Pa. at 125, 152 A.2d at 893.

Thus, in a typical case, the spirit and intent of the Act is not violated by permitting an employee injured by a co-worker for purely personal reasons to maintain a negligence action against his employer for any associated negligence in maintaining a safe workplace. Nevertheless, in order to set forth a valid cause of action against an employer, an employee

must assert that his injuries are *not* work-related because he was injured by a co-worker for purely personal reasons.

McCrory Stores filed preliminary objections claiming that Kohler was estopped from making such an assertion because: (1) he accepted benefits pursuant to the Act, which are only available for work-related injuries; and (2) he received a final adjudication by a referee that his injury was work-related. The trial court agreed and sustained McCrory Stores' preliminary objections and dismissed Kohler's complaint citing both of these reasons.

In so doing, the trial court found it necessary to reject Kohler's reliance upon the decision of the Superior Court in *Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 421 A.2d 251 (1980), which held that mere receipt of benefits is not determinative.[4] The trial court reasoned that, based upon this Court's decision in *Dolan*, the decision of the Superior Court in *Mike* was "an incorrect interpretation of the Workmen's Compensation Statute." The trial court then relied upon *Dunn v. United Insurance Company of America*, 334 Pa.Super. 13, 482 A.2d 1055 (1984), to conclude that Kohler's compensation pursuant to the Act was his exclusive remedy.

On appeal, the Superior Court reversed based upon its decision in *Mike*, and because the question of whether Kohler's injury was work-related was never formally adjudicated. We granted allocatur because of the apparent confusion created by the decisions in *Mike* and *Dunn*. We now find that *Dunn* is both distinguishable from, and consistent with *Mike*, and that these two cases, read together, control the outcome of this case.

█ The Act is designed to ensure prompt payment of benefits to an employee suffering an injury in the course of his

4. In *Mike v. Borough of Aliquippa*, 279 Pa.Super. 382, 421 A.2d 251 (1980), a police officer was brutally beaten by a deputy constable for purely personal reasons. Mike received compensation pursuant to the Act, and subsequently sued his employer asserting its negligence in failing to provide a safe workplace. A jury returned a verdict in favor of Mike, and on appeal the Superior Court specifically determined that Mike's mere acceptance of benefits under the Act was not determinative.

employment. As in this case, the vast majority of cases are commenced by Notice of Compensation Payable issued by the employer and without the employee having the assistance of counsel. Because benefits are available pursuant to the Act *only* for injuries "arising in the course of his employment," it would appear logical to conclude, as did the trial court, that once an employee accepts benefits in any manner, he has necessarily precluded himself from subsequently arguing that his injury is not work-related and falls within the personal animus exception. However, as the mere acceptance of benefits does not rise to the level of a *formal adjudication* of compensability, we believe it cannot control the determination of whether an injury is work-related for purposes of the personal animus exception.

There is a significant difference between the situation where an injured employee requests and is awarded benefits by a referee and where he simply accepts benefits through Notice of Compensation Payable and/or agreement. This is a distinction which the trial court failed to recognize when it relied upon *Dunn* rather than *Mike*. In *Dunn*, the wife of a deceased worker filed a Fatal Claim Petition, which was referred to a referee who held various hearings and specifically found that the death of the decedent was work-related. Whereas, in *Mike* and in the case *sub judice*, neither of the employees petitioned for benefits or received a final adjudication as to compensability prior to receiving benefits.

Therefore, we agree with the Superior Court that the trial court erred to the extent that it rejected *Mike* and based its decision on Kohler's mere acceptance of benefits. Clearly, absent a final adjudication on the question of compensability, an injured employee must be free to pursue damages through a traditional negligence action. Any benefits received in the absence of, or prior to, a final adjudication of compensability can simply be repaid out of damages obtained through the negligence action. To hold otherwise would permit employers to limit their potential liability for unsafe workplaces by simply offering benefits to an employee while he is injured and unaware that his proper remedy is

through a negligence action. Accordingly, we hold that only a final adjudication of work-relatedness can estop an employee from asserting that his injuries are not work-related for purposes of maintaining an action against his employer under the personal animus exception to the Act.

Nevertheless, despite our conclusion that Kohler's receipt of benefits would not, in and of itself, warrant dismissal of his negligence action, we cannot agree with the Superior Court that Kohler did not receive a *final adjudication* on the question of compensability subsequent to his receipt of benefits.

In adjudicating the Petition for Termination, Suspension or Modification of Compensation filed by McCrory Stores, a referee specifically found that Kohler's injury was work-related, a finding that Kohler *did not appeal.* We cannot agree with the conclusion of the Superior Court that Kohler's failure to appeal this decision is not fatal to his right to bring suit simply because Kohler has alleged that he is not covered by the Act. The real question here is whether Kohler's injury was work-related or was caused by the personal animosity of a co-worker. It cannot be both, and as the referee specifically found that Kohler sustained a work-related injury and expressly concluded that both parties are bound by the provisions of the Act, we conclude that there was a final adjudication on the question of compensability.

Our conclusion is not altered by the fact that the referee made this finding during the course of adjudicating the Petition for Termination, Suspension or Modification of Compensation filed by McCrory Stores. It is Kohler who asserts that his injuries are not work-related, and thus, he has the burden of rebutting the presumption that he is covered by the Act.[5]

5. In *Dolan v. Linton's Lunch,* 397 Pa. 114, 152 A.2d 887 (1959) this Court stated:

We have held that where a claimant sought compensation and it was conceded that he was acting in the course of his employment, the burden was on defendant to show an intention to injure owing to reasons personal to the assailant. *O'Rourke v. O'Rourke,* 278 Pa. 52, 122 A. 172; *Keyes v. New York, O. & W.R. Co.,* 265 Pa. 105, 108 A. 406. This was based upon the rebuttable presumption that such a

Kohler clearly failed to satisfy this burden through his efforts in contesting, with the assistance of counsel, the petition filed by McCrory Stores, which threatened a reduction in his compensation pursuant to the Act.

Thus, we conclude that Kohler is now estopped from asserting that his injury did not occur in the course of his employment, an allegation which is required in order to state a cause of action under the personal animus exception. Therefore, Kohler's exclusive remedy for his June 22, 1987 injury is compensation pursuant to the Act.

Accordingly, the Order of the Superior Court is reversed, and the Order of the trial court sustaining appellant's demurrer and dismissing appellee's complaint is reinstated.

Jurisdiction is relinquished.

PAPADAKOS, J., concurs in the result.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent and would affirm the Superior Court order on the basis of the opinion authored by Superior Court Judge Frank J. Montemuro, Jr., in *Thomas T. Kohler v. McCrory Stores*, 395 Pa.Super. 188, 576 A.2d 1107 (1990).

claimant was covered by the act. Here, however, it is the plaintiff who asserts he is not covered by the act and he must allege facts to show that he is not. *Anderson v. Carnegie Steel Co.*, 255 Pa. 33, 99 A. 215.

*Id.* 397 Pa. at 125, 152 A.2d at 893.