Barbara **LABINSKY,** Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PENN STATE UNIVERSITY),** Respondent.

Commonwealth Court of Pennsylvania.

Submitted Oct. 28, 1994.

Decided Dec. 29, 1994.

Petition for Allowance of Appeal Denied April 26, 1995.

Marshall L. Grabois, for petitioner.

James M. Horne, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., RODGERS, Senior Judge.

RODGERS, Senior Judge.

Barbara Labinsky (Claimant) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision denying Claimant's petition to review a notice of compensation payable.[1] We affirm.

1. Section 423 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L.

736 *as amended,* 77 P.S. § 771, provides that a referee may, at any time, review, modify or set

On April 9, 1988, Claimant was injured in an automobile accident while a passenger in a vehicle owned by the Pennsylvania State University (university/Employer) and driven by her boyfriend, a fellow employee. Claimant notified Employer of her injury on April 11, 1988. Claimant received compensation for total disability pursuant to a notice of compensation payable issued by Employer on July 12, 1988, which provided for a final payment for six days' lost wages.

Employer filed a petition for suspension, alleging that Claimant's disability had changed as of June 19, 1988. Claimant did not file an answer and a hearing was scheduled for November 4, 1988. Claimant received notice of the suspension hearing but did not attend. The hearing was continued in order to give Claimant another opportunity to attend. Employer's counsel sent Claimant a copy of a letter to the referee which provided a summary of the status of the claim. The letter indicated that Claimant should be prepared to address the issue of whether or not this was, in fact, a compensable claim at the next scheduled hearing.

Claimant received notice of the suspension hearing scheduled for December 9, 1988, but, again, did not attend. By letter dated December 13, 1988, the referee requested that Claimant advise as to whether or not she intended to defend against the allegations set forth in Employer's petition for suspension. The letter also informed Claimant that Employer's request for supersedeas had been granted. A copy of the letter was sent to Claimant's counsel. Neither Claimant nor her attorney responded.

The referee granted Employer's petition for suspension by order dated March 10, 1989. The referee's decision included the following Finding of Fact:

3. A Notice of Compensation Payable dated July 12, 1988, was issued. The No-

tice of Compensation Payable shows that claimant sustained a compensable work-injury on April 9, 1988, and that agreed compensation at the rate of $209.68 a week was paid to claimant.

(Referee's decision). A copy of the decision was sent to Claimant and her counsel.

Claimant did not appeal the March 10, 1989 order but, on August 20, 1991, Claimant filed a petition to review asserting that the notice of compensation payable contained a material mistake of fact, in that Claimant's injury did not occur in the course of her employment as indicated in the decision and order of March 10, 1989.

Claimant testified that she had accompanied her boyfriend to Philadelphia on Saturday, April 9, 1988, but that the trip was not relative to her employment duties with the university. Claimant testified that she reported the accident to the university's office of risk management and was informed by a university employee that her injuries were covered under the university's automobile liability insurance. Claimant testified that she began receiving checks, but stopped cashing them after she consulted an attorney.[2] Claimant testified that she did not contest Employer's suspension petition because she did not believe that she was supposed to be receiving workmen's compensation benefits.

The referee dismissed Claimant's petition for review, concluding that, as Claimant had not raised this issue in a timely appeal from the March 10, 1989 order, she was estopped from raising it in the petition for review. The referee relied on our Supreme Court's decision in *Kohler v. McCrory Stores*, 532 Pa. 130, 615 A.2d 27 (1992).

The issue in *Kohler* was whether an employee can set forth a valid cause of action against his employer under the personal animus exception to the Act,[3] where the injured

aside a notice of compensation payable, upon petition by either party or in the course of proceedings under any petition pending before the referee, if it is proved that the notice of compensation was in any material respect incorrect.

2. Claimant has a third party lawsuit pending against Employer and other parties, to which

Employer has asserted the issuance of workmen's compensation benefits as a defense.

3. Section 303 of the Act provides that an employer's liability under the Act is exclusive and in place of any and all other liability to employees otherwise entitled to damages on account of any injury or death arising in the course of his employment. 77 P.S. § 481.

employee had previously accepted benefits pursuant to the Act. Kohler had received workmen's compensation benefits for injuries he sustained as the result of an alleged attack by a fellow employee. His employer filed a petition for termination, which was granted by the referee. In that decision, the referee specifically found that Kohler had been overpaid compensation for a work-related injury. Kohler did not appeal the referee's decision.

Kohler subsequently filed a complaint in trespass in the Court of Common Pleas of York County. His employer filed preliminary objections in the nature of a demurrer, which the trial court sustained. The Superior Court reversed. On appeal, the Supreme Court held that Kohler's receipt of benefits did not, in and of itself, warrant dismissal of his negligence action. However, the court concluded that Kohler was estopped from asserting that his injury was not work-related, an allegation necessary to state a cause of action under the Act's personal animus exception, because the referee's decision granting the employer's termination petition was a final adjudication on the question of compensability.

In this case, the referee concluded that Claimant's failure to timely appeal the March 10, 1989 decision likewise precluded Claimant from later asserting that her injury is not work-related. Claimant appealed to the Board, which affirmed the referee's decision. The Board reasoned that a contrary result would allow Claimant to circumvent the appeal process by using a petition for review to appeal a referee's decision beyond the twenty-day time limitation set forth at Section 413 of the Act.

■ On appeal to this Court,[4] Claimant attempts to distinguish this case from *Kohler* on the grounds that *Kohler* involved the per-

sonal animus exception to the Act, which is not applicable here. Claimant argues that she relied upon Employer to prepare and submit the proper paperwork in order for Claimant to receive benefits under the appropriate insurance policy following Claimant's disclosure that she was not on university business at the time of the accident. Claimant further contends that Employer processed her claim as a workmen's compensation claim in order to eliminate and/or prejudice Claimant's right to recover under Employer's tort liability policy and that Employer should not be permitted to profit by perpetuating its mistake or improperly characterizing Claimant's injuries.

We conclude that the decision in *Kohler* is controlling in this case. In *Kohler*, the court specifically noted that the referee's finding had been made in the course of adjudicating a petition for termination. We recognize that *Kohler* is distinguishable in that the appeal arose from a decision of the Superior Court and the claimant's allegations of negligence were based on the personal animus exception to the Act. But *Kohler* is factually similar in other, more significant respects, in that the issue of whether the claimant's injury was work-related was decided in a final adjudication from which the claimant did not file a timely appeal.

Accordingly, we affirm the decision of the Board.

#### ORDER

NOW, December 29, 1994, the order of the Workmen's Compensation Appeal Board, dated June 13, 1994, at No. A93–2941, is affirmed.

---

An exception to this principle of exclusivity is set forth at Section 301(c)(1) of the Act, 77 P.S. § 411(1). The exception applies to "an injury caused by an act of a third person intended to injure the employe because of reasons personal to him" and is sometimes referred to as the "personal animus exception".

4. Our scope of review in a workmen's compensation appeal is limited to determining whether an

error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).