**Scott v. DeFeo**

C.P. of Lehigh County, no. 96-C-2972V.

*Robert G. Bauer,* for plaintiff.
*Tara Figore Reid,* for defendant DeFeo.
*Elizabeth T. Allison,* for defendant Werner.

BLACK, *J.,* June 16, 2000—Before the court are defendants' motions to preclude plaintiff from offering expert testimony of Raymond A. Fritz D.P.M., a treating physician, in this medical malpractice action. During discovery, plaintiff identified Dr. Fritz as a subsequent treating physician of plaintiff, but did not identify him as an expert witness in response to expert interrogatories. Nor did plaintiff submit an expert report from Dr. Fritz, and the deadline for such reports to have been submitted expired on March 1, 1998. Nevertheless, defendants did obtain through discovery a full copy of Dr. Fritz's treatment records.

On March 15, 2000, plaintiff took the videotape trial deposition of Dr. Fritz. During this deposition, plaintiff elicited from Dr. Fritz certain opinions that were objected to by defendants' counsel. Defendants seek to exclude those opinions from Dr. Fritz's deposition testimony on the ground that they violate Pennsylvania Rule of Civil Procedure 4003.5, which provides in pertinent part as follows:

"(a) Discovery of facts known and opinions held by an expert, otherwise discoverable under the provisions of Rule 4003.1 and acquired or developed in anticipation of litigation or for trial, may be obtained as follows:

"(1) A party may through interrogatories require

"(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

"(b) the other party to have each expert so identified state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogato-

ries may file as his or her answer a report of the expert or have the interrogatories answered by the expert. The answer or separate report shall be signed by the expert. . . .

"(c) To the extent that the facts known or opinions held by an expert have been developed in discovery proceedings under subdivision (a)(1) or (2) of this rule, the direct testimony of the expert at the trial may not be inconsistent with or go beyond the fair scope of his or her testimony in the discovery proceedings as set forth in the deposition, answer to an interrogatory, separate report, or supplement thereto. However, the expert shall not be prevented from testifying as to facts or opinions on matters on which the expert has not been interrogated in the discovery proceedings."

The purpose of Rule 4003.5 is to allow for certain limited discovery of facts known and opinions held by expert witnesses to the extent that these facts and opinions were acquired or developed in anticipation of litigation or for trial. Previously, discovery of such facts and opinions in advance of trial was prohibited. Rule 4003.5 does not apply to discovery of facts known or opinions held by a witness, whether or not an expert, if those facts or opinions were acquired or developed independently of the litigation and not for trial. Experts who know of facts or hold opinions not acquired or developed in anticipation of litigation or for trial are subject to discovery like any other witnesses under the general discovery rules. Rule 4003.5 is modeled after Federal Rule of Civil Procedure 26(b)(4), which also distinguishes between facts and opinions acquired or developed by an expert in anticipation of litigation or for trial and facts and opinions acquired or developed otherwise.

In a personal injury case, a treating physician of the plaintiff can possess facts and opinions that fall into both categories. The treating physician may know of facts or hold opinions independently of the litigation, and he may also have acquired or developed facts and opinions for trial purposes. For example, the treating physician will certainly have information about the treatment he rendered, whether it was reasonable and necessary as a result of the plaintiff's condition, and whether the charges for these services were reasonable. Such matters are all within the scope of providing medical care to the patient. Discovery of such matters proceeds under the general discovery rules, rather than Rule 4003.5.

On the other hand, the treating physician may be asked to opine on the quality of care given the patient by a prior healthcare provider. An opinion by a treating physician that the treatment rendered by a prior healthcare provider did not conform to the appropriate standard of care would be an opinion in anticipation of litigation or for trial. It is outside the scope of providing medical care to the patient. Thus, if a treating physician were to be employed as an expert witness on the standard of care, Rule 4003.5 would apply. In response to expert interrogatories, the expert would have to be identified and the information required by Rule 4003.5(1)(b) would have to be provided.

As we read Rule 4003.5, the phrase "acquired or developed in anticipation of litigation or for trial" applies not to the expert, but to the facts known or opinions held by that individual. This is apparent from the phraseology of the rule. The words "acquired" and "developed" make the most sense as modifiers of "facts" and "opinions." Thus, Rule 4003.5 may apply to discovery from a

treating physician, even if consulted long before any thought of litigation, where the treating physician acquires information or develops opinions in anticipation of litigation or for trial. An opinion on the standard of care of a prior healthcare provider would be such an opinion, for which discovery would be limited to the procedures provided in Rule 4003.5. However, information obtained and opinions developed within the normal scope of providing medical care to a patient fall outside Rule 4003.5 and are subject to the general discovery rules.

A similar distinction was recognized by the Pennsylvania Supreme Court in a case involving a county coroner. *Miller v. Brass Rail Tavern Inc.,* 541 Pa. 474, 488, 664 A.2d 525, 532 (1995). The court found that the coroner's opinions regarding the cause of death were expert opinions, but that these opinions were not developed with an eye toward litigation. Therefore, the court held that Rule 4003.5 was inapplicable and could not be the basis for a discovery sanction.

In the instant case, defendants' motions do not specify what portion of Dr. Fritz's deposition testimony they seek to preclude. At oral argument, defense counsel identified two questions.[1] On page 44 of his deposition, Dr. Fritz was asked by plaintiff's counsel:

"Could you take a look at your note of October 30, 1995, and tell us what—tell the jurors please at that time

---

1. Defendants' counsel also referred to a third question, in which Dr. Fritz was merely asked whether his opinions had been expressed to a reasonable degree of podiatric certainty. This is simply a subsidiary question to the others. See videotape deposition of Raymond A. Fritz D.P.M., 3/15/00, defendant Michael S. Werner's motion to preclude plaintiff from offering the expert testimony of Raymond A. Fritz D.P.M., exhibit "A," at 71.

what was your consideration of the cause of Mr. Scott's pain at that time?"[2]

Over defendants' objection Dr. Fritz testified:

"My impression *as stated in my note* was contracted digital deformity, metatarsalgia, possible neuroma."[3] (emphasis added)

The second question identified at oral argument was at pages 69 and 70 of Dr. Fritz's deposition, where plaintiff's counsel asked:

"Dr. Fritz, my question was whether if there was that regeneration of bone that becomes prominent, *as mentioned in your note,* if that happens does that require treatment or intervention by you, and if so, what would that be?"[4] (emphasis added)

Dr. Fritz responded:

"I think the point of that note was if there is any concern about a prominent area, you know, you wouldn't be entertaining surgery but additional padding, if needed, to the orthotic device.

"It's hard to forecast who's going to regenerate bone and who's going to have a future problem. I mean I don't think anybody can predict future problems with any certainty."[5]

Thus, defendants' objections are to Dr. Fritz's opinions, contained in his treatment notes, as to the cause of the plaintiff's pain and as to the prognosis. We believe these are matters that are well within the scope of a treating physician's medical care, rather than opinions acquired or developed in anticipation of litigation or for

---

2. *Id.* at 44.

3. *Id.* at 45.

4. *Id.* at 69-70

5. *Id.* at 70.

trial. In order to treat a patient, a physician must generally arrive at some opinion as to the cause of the patient's condition. Also, the prognosis or possibility of future problems is also an important consideration in determining the medical care to be provided by a treating physician. Significantly, Dr. Fritz recorded his opinions on these matters in his treatment notes. Therefore, as to these opinions, we believe that Dr. Fritz as the treating physician is in the same category as any fact witness. Since the opinions expressed by him were not obtained in anticipation of litigation or for trial, the general discovery rules govern, and Rule 4003.5 is not applicable.

In summary, the issue is not whether Dr. Fritz was employed in anticipation of litigation or for trial, but whether the opinions elicited from him in his deposition were acquired or developed in anticipation of litigation or for trial. Since Dr. Fritz was not asked any questions about the standard of care, and the only opinions objected to related to his diagnosis of plaintiff's condition and the prognosis for plaintiff's recovery, both of which are well within the scope of medical care he provided as the treating physician, his testimony does not violate Rule 4003.5.

Furthermore, even if Rule 4003.5 were applicable, we would not preclude the deposition testimony of Dr. Fritz. In determining whether to preclude testimony for violation of Rule 4003.5, we are to consider the following factors: (1) the prejudice to or surprise in fact of the party seeking sanctions; (2) the ability of that party to cure any such prejudice; (3) the extent to which a failure to enforce the rule would disrupt the orderly and efficient trial of the case or other cases before the court; and (4) whether there was bad faith or a willful failure to com-

ply with the rule. *Miller v. Brass Rail Tavern Inc.*, 541 Pa. 474, 488 n.5, 664 A.2d 535, 532 n.5; *Feingold v. SEPTA,* 512 Pa. 567, 574, 517 A.2d 1270, 1273 (1986).

In this case, defendants have not been prejudiced in any way by plaintiff's failure to identify Dr. Fritz as an expert witness or to provide an expert report from him. Dr. Fritz was clearly identified as a witness to be called by plaintiff at trial, and full copies of his treatment records were provided to defendants. These treatment records included the very opinions to which defendants are now objecting. At his deposition the questions directed to Dr. Fritz by plaintiff's counsel were simply to elicit from him the very same information and opinions set forth in his treatment records. Therefore, defendants could not have been surprised by the substance of his opinions. Nor has plaintiff exhibited any bad faith.

We also note that the trial has been rescheduled, at the request of defendant William T. DeFeo Jr. D.P.M., to September 25, 2000, some six months after the trial deposition of March 15, 2000. Thus, defendants have more than enough time to arrange for rebuttal testimony at trial, should they wish to do so; and the orderly and efficient trial of the case is not affected. In these circumstances, there is no basis to preclude plaintiff from offering the testimony of Dr. Fritz at trial.

## ORDER

Now, June 16, 2000, upon consideration of defendants' motion to preclude plaintiff from offering the expert testimony of Raymond A. Fritz D.P.M., during trial, after review of the parties' briefs and oral argument, and for the reasons set forth in the accompanying memorandum opinion, it is ordered that said motion be and hereby is denied.