**Thomas ZIEGLER, Appellant**

v.

**EASTON SUBURBAN WATER AUTHORITY.**

Commonwealth Court of Pennsylvania.

Argued March 12, 2012.

Decided May 9, 2012.

---

5. Because we reverse, we will not address the remaining issues raised by New Century.

Melissa E. Lang, Philadelphia, for appellant.

Christine E. Munion, Blue Bell, for appellee.

BEFORE: LEADBETTER, Judge, and BROBSON, Judge, and OLER, JR., Senior Judge.

OPINION BY Judge LEADBETTER.

Appellant, Thomas Ziegler, appeals from the order of the Court of Common Pleas of Northampton County (trial court) denying his post-trial motion requesting a new trial. Appellant asserts that the trial court erred by precluding the testimony of various witnesses with respect to the damages allegedly caused to his home as a result of a water main break. We reverse.

Appellant is the owner of a house located at 1027 Spruce Street in Easton, Pennsylvania ("the Property"). On February 19, 2007, Appellant's neighbor, George Knapp, discovered water in the alley between his house and the Property. Upon further inspection, Knapp discovered that the water was flowing from the foundation of Appellant's house. Knapp immediately called Easton Suburban Water Authority (ESWA) to report the incident and, later that day, ESWA employees identified the source of the leak, a water main break, shut off the water supply, and repaired the faulty water main. Appellant was not present during the water main break.

On February 15, 2008, Appellant filed suit, alleging that ESWA's negligent care and control of the water main caused substantial damage to the Property. Appellant alleged that ESWA's negligence caused: (1) the foundation of his house to shift and/or settle; (2) plaster walls within his house to crack; (3) the front door of his house to shift, thus preventing ingress and egress to the house; (4) extensive soil erosion; and (5) an external retaining wall to fail. Before trial, ESWA conceded its negligence but contested Appellant's assertions regarding causation and damages.

Between January 21, 2011, and February 2, 2011, ESWA presented the trial court with several motions in limine, including, *inter alia*, a motion seeking to preclude Appellant from testifying that his home sank or settled as a result of the February 19, 2007 water main break. Following oral argument, the trial court issued a written order precluding Appellant from testifying that the water main break caused his house to sink or settle.[1]

1. The order provided:

   1. Defendant's Motion to prevent Plaintiff from testifying about damages to the

ESWA also filed a motion in limine seeking to preclude Appellant from introducing the testimony of Louis Ferrone, P.E. and the plot plan he prepared.[2] ESWA argued that: (1) Ferrone would be offered at trial as an expert witness; (2) Appellant failed to properly identify Ferrone as an expert witness as required; and (3) Appellant failed to produce a related expert report. Following oral argument, the trial court issued an order precluding both the testimony of Ferrone and documents prepared by him. R.R. at 332A.

On the first day of trial, ESWA presented an oral motion in limine, seeking to preclude the testimony of Appellant's witnesses, Carl Rodriguez of CMR Construction Corp., Leonard Marroni of Marroni Construction/Mason Contractor Companies, and Jimmy Tomaino of Palmer Woodworking and Construction (collectively, the Contractors), with respect to their repair estimates for damage caused to his home by the water main break. ESWA asserted that Appellant had not complied with Pennsylvania Rules of Civil Procedure

212.2(a)(5) (requiring production of expert reports) and 4003.5 (pertaining to the designation and discovery of expert testimony) by failing to properly identify the Contractors as expert witnesses in advance of trial.[3] ESWA argued that it had been prejudiced by Appellant's failures to disclose the information at issue, and such failures prevented ESWA from offering rebuttal experts or otherwise preparing a meaningful response. Appellant responded that he was not required to identify the Contractors as expert witnesses because they were not engaged for purposes of litigation, or alternatively, he had properly identified the Contractors as witnesses in his several amended pre-trial memoranda and that the Contractors' respective repair estimates served as expert reports. The trial court precluded the Contractors from testifying as experts ordering that:

- pursuant to [Pa.R.E.] 701, these witnesses may testify as lay witnesses. To the extent that such testimony is otherwise permitted by the Rules of Evidence, they may testify about matters of which they have personal

Spruce Street Property is DENIED. Pursuant to the Pennsylvania Rules of Evidence, Plaintiff may testify about the condition of the Spruce Street property both prior and subsequent to February 19, 2007, to the extent that such testimony is based upon personal knowledge and is relevant to his claim for damages. *See* Pa.R.E. 401, 701.
2. Defendant's Motion to prevent Plaintiff from testifying that the water main break caused certain damages to the Spruce Street property—namely, that the house "sunk or settled" as a result of the water main break—is GRANTED. Plaintiff is not testifying as an expert witness and such testimony goes beyond the knowledge of a layperson. *See* Pa.R.E. 701, 702.
Order of February 14, 2011 at 1–2; Reproduced Record (R.R.) at 331A –32A. Rule of Evidence 401 defines relevant evidence. Rules of Evidence 701 and 702 address opinion testimony by lay witnesses and expert testimony.

2. Louis Ferrone was retained by Appellant to prepare a plot plan for reconstruction of the retaining wall. Appellant retained Ferrone because the City of Easton required submission of a plot plan before issuing a permit for construction.

3. Appellant properly identified Brent Leisenring, P.E., a civil engineer retained by his insurance carrier, as an expert witness and provided Leisenring's expert report to ESWA. Leisenring opined that, "[t]he water main break and ensuing flow of water through the ground caused soil to be dislodged ... in and around the house foundation. The movement of water and soil caused shifting of the foundation." R.R. at 268A. Leisenring also opined that the "recent plaster cracking, door jamb movement, basement floor cracking and exterior sidewalk settlement are a direct result of the water main break and foundation shifting." *Id.* Leisenring's testimony was not the subject of any motions in limine.

knowledge, including, but not limited to the following:

- their interactions with Plaintiff; and
- their observations of damage to the property.
- pursuant to [Pa.R.E.] 701 and 702, however, these witnesses may not offer any expert testimony, including, but not limited to, the following:
- the possible cause of damage to Plaintiff's property;
- what repairs, if any, are necessary to fix the damage to Plaintiff's property;
- the scope of such repairs; and
- the cost of such repairs.

Order of February 16, 2011, at 1–2; R.R. at 333A–34A. In its accompanying opinion, the trial court addressed Appellant's argument that the Contractors were not subject to the requirements of Rule 4003.5. The trial court held that once Appellant determined that the Contractors would testify as experts at trial, "he was required to affirmatively respond to ESWA's interrogatory or supplement his original response." Trial Court Motion in Limine Opinion at 7–8; R.R. at 328A.

Following trial, the jury returned a verdict in favor of Appellant and against ESWA in the amount of $6,500. Appellant timely filed a post-trial motion arguing that the trial court abused its discretion and/or committed errors of law by granting ESWA's motion[s] in limine, thus precluding: (1) Appellant from testifying that his home had "sunk or settled" because of the water main break; (2) the testimony of Ferrone and the admission of the plot plan he had prepared; and (3) the testimony of the Contractors with respect to their repair estimates. Appellant sought to vacate the jury's award and to obtain a new trial on the issue of damages. The trial court denied Appellant's motion for a new trial concluding that it properly precluded the proposed testimony of Appellant, Ferrone and the Contractors. This appeal followed.

Appellant asserts that the trial court abused its discretion in precluding the Contractors' testimony because they are not subject to the expert witness disclosure requirements of Pennsylvania Rule of Civil Procedure No. 4003.5. Rule 4003.5 provides in relevant part:

(a) Discovery of *facts known and opinions held by an expert,* otherwise discoverable under the provisions of Rule 4003.1 *and acquired or developed in anticipation of litigation or for trial,* may be obtained as follows:

(1) A party may through interrogatories require

(a) any other party to identify each person whom the other party expects to call as an expert witness at trial and to state the subject matter on which the expert is expected to testify and

(b) the other party to have each expert so identified state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion. The party answering the interrogatories may file as his or her answer a report of the expert or have the interrogatories answered by the expert. The answer or separate report shall be signed by the expert.

. . . .

(3) A party may not discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial. . . .

(b) *An expert witness whose identity is not disclosed in compliance with subdivision (a)(1) of this rule shall not be permitted to testify on behalf of the defaulting party at the trial of the action.* However, if the failure to disclose the identity of the witness is the result of extenuating circumstances beyond the control of the defaulting party, the court may grant a continuance or other appropriate relief....

Pa.R.C.P. No. 4003.5 (emphasis added).

■■■ Appellant argues that he retained the contractors to fix the damage to the Property rather than in anticipation of litigation and, therefore, he was not required to identify the Contractors as expert witnesses. Appellant relies upon *Feingold v. Southeastern Pennsylvania Transportation Authority (SEPTA)*, 512 Pa. 567, 517 A.2d 1270 (1986), in which the Pennsylvania Supreme Court held that the trial court had improperly precluded the testimony of plaintiff's treating physician during the defense's case-in-chief. In a pre-trial statement, the plaintiff listed his treating physician as an expert witness. Although the plaintiff did not call the treating physician to testify, the defense sought to call the doctor during its case-in-chief. The trial court precluded the treating physician from testifying because he was not listed as a witness in the defense's pre-trial statement. The Superior Court reversed and the Supreme Court affirmed. The Supreme Court reasoned that the plaintiff had failed to show that any prejudice would result from his treating physician testifying.[4] The Supreme Court noted that because plaintiff had previously listed the doctor as an expert witness, had access to the doctor's records and knew what the substance of his testimony would be, cries of prejudice would be "disingenuous." *Id.* at 574, 517 A.2d at 1273. *See also, Miller v. Brass Rail Tavern, Inc.*, 541 Pa. 474, 486–88, 664 A.2d 525, 531–32 (1995) (holding that coroner was not subject to Rule 4003.5 requirements because he was testifying to opinions developed pursuant to his statutory duties rather than in anticipation of litigation); *Scott v. DeFeo*, 46 Pa. D. & C.4th 353, 358–59 (C.P. Lehigh 2000) (holding that information obtained and opinions developed within the normal course of providing medical care to a patient fall outside Rule 4003.5 and are subject to the general discovery rules). *Compare Kurian v. Anisman*, 851 A.2d 152, 156 (Pa.Super.2004) (testimony by plaintiff's treating doctor as to breach of the standard of care and proximate cause was precluded because he was not listed as an expert witness and was subject to expert witness disclosure requirements; his opinions on those issues were not developed in the course of his medical treat-

4. The Supreme Court identified the following factors, which a court may consider in determining whether a party will suffer prejudice:

[B]ad faith on the part of the party seeking to call witnesses not listed in his pretrial memorandum; ability of the party to have discovered the witnesses earlier; validity of the excuse offered by the party; willfulness of the party's failure to comply with the court's order; the parties' (sic) intent to mislead or confuse his adversary; and finally, the importance of the excluded testimony. Underlying the cases to which we have adverted are these basic considerations: (1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in the court, and (4) bad faith of (sic) willfulness in failing to comply with the court's order.

512 Pa. at 573–74, 517 A.2d at 1273 [quoting *Feingold v. SEPTA*, 339 Pa.Super. 15, 488 A.2d 284, 288 (1984) (internal citations omitted) ].

558

ment and arose only in anticipation of litigation).

Outside the medical context, the Superior Court has held that where "opinions were not acquired or developed with an eye toward litigation, Rule 4003.5 is inapplicable." *Jahanshahi v. Centura Dev. Co., Inc.*, 816 A.2d 1179 (Pa.Super.2003) (quoting *Miller*). In *Jahanshahi*, a breach of contract case, the defendant objected to the plaintiff testifying as an expert on lost profits because the plaintiff was not disclosed as an expert during discovery. The Superior Court found that the plaintiff's testimony was not acquired or developed in anticipation of litigation as his testimony was predicated upon his franchise experience and was acquired in anticipation of opening a restaurant franchise.

Appellant asserts that the Contractors' opinions, as reflected in their estimates, were developed in the normal course of their trades, and should have been admitted at trial because of the absence of the *Feingold* factors, which would warrant preclusion. Appellant further contends that without the Contractors' testimony and estimates, he could not demonstrate the scope and cost of repairs necessary as result of the foundation having shifted. ESWA argues that the Contractors are not akin to treating physicians as it did not have access to the Contractors' records and did not know what the substance of their testimony would be as their estimates did not express opinions, but rather merely listed the costs for fixing the Property. ESWA also maintains that the Contractors' testimony failed to meet the necessary standard to qualify as admissible relevant evidence as the estimates did not indicate that the repair work resulted from the water main break.

■ There does not appear to be any dispute that the Contractors were not orig-

inally retained for the purposes of litigation, but rather produced their estimates as part of the normal course of business in order to repair the Property. A straight forward reading of Rule 4003.5 leads this Court to conclude that the trial court erred in requiring compliance with Rule 4003.5 and precluding the Contractors' testimony. Moreover, with regard to the *Feingold* standard, it must be noted that the Contractors' names and repair estimates had been provided to counsel for ESWA months in advance of trial.

Even if some of the Contractors' proposed testimony constituted expert testimony, the trial court was overbroad in its application of Rule 4003.5. While the trial court properly precluded the Contractors from testifying as to the cause of the damages to the Property, a conclusion that requires expert testimony, the Contractors should have been permitted to testify regarding which conditions they proposed to repair and the costs of the repairs. Testimony limited to the scope of repairs and the cost of repairs would not constitute expert testimony. Appellant established the cause of the damage to his house through Leisenring's expert report and testimony. In his report, Leisenring specifically opined that the "plaster cracking, door jamb movement, basement floor cracking and exterior sidewalk settlement" were consequences of the water main break. R.R. at 268A. The Contractors then provided Appellant with estimates to fix the conditions noted by Leisenring. Based upon the testimonies of Appellant, Leisenring and the Contractors, a jury would then be able to determine the amount of damages to award. Thus, we conclude the trial court erred in precluding the Contractors from testifying regarding the repairs they proposed to correct the damage identified by Leisenring and the

cost of those repairs.[5]

Accordingly, we reverse the trial court's denial of Appellant's post trial motion, and remand this matter for a new trial limited to the issue of damages in accordance with the foregoing opinion.

### ORDER

AND NOW, this 9th day of May, 2012, the order of the Court of Common Pleas of Northampton County is hereby reversed and the matter is remanded for a new trial limited to the issue of damages, in accordance with the foregoing opinion.

Jurisdiction relinquished.

---

**5.** As we are reversing the trial court and granting a new trial, we need not address Appellant's other issues at length. However, after review of the record, we agree that the trial court properly precluded Appellant from testifying that the water main break caused the Property to sink or settle and testimony such as that of Louis Ferrone, regarding damage to the retaining wall, since the cause of the damage to the wall was not established.